# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAKE THE ROAD STATES, INC., NAACP BUCKS COUNTY BRANCH 2253, BUXMONT UNITARIAN UNIVERSALIST FELLOWSHIP, and JUAN NAVIA,<br><br>Plaintiffs,<br><br>v.<br><br>FREDERICK A. HARRAN, individually and in his official capacity as Sheriff of Bucks County, and BUCKS COUNTY,<br><br>Defendant. | Case No. 2:25-cv-02938-JS<br><br>Honorable Juan R. Sánchez<br><br>**BRIEF IN SUPPORT OF MOTION TO INTERVENE**<br><br>Filed on Behalf of Proposed Intervenors:<br><br>Pennsylvania Sheriffs' Association, Franklin County Sheriff Benjamin H. Sites, Bradford County Sheriff C.J. Walters<br><br>Thomas W. King, III, Esquire<br>PA I.D. # 21580<br>tking@dmkcg.com<br><br>Thomas E. Breth, Esquire<br>PA I.D. # 66350<br>tbreth@dmkcg.com<br><br>**DILLON McCANDLESS KING COULTER & GRAHAM LLP**<br><br>128 W. Cunningham Street<br>Butler, PA 16001<br>Telephone 724-283-2200<br>Fax: 724-283-2298 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAKE THE ROAD STATES, INC., NAACP BUCKS COUNTY BRANCH 2253, BUXMONT UNITARIAN UNIVERSALIST FELLOWSHIP, and JUAN NAVIA,<br><br>Plaintiffs,<br><br>v.<br><br>FREDERICK A. HARRAN, individually and in his official capacity as Sheriff of Bucks County, and BUCKS COUNTY,<br><br>Defendant. | Case No. 2:25-cv-02938-JS<br><br>Honorable Juan R. Sánchez |

## **BRIEF IN SUPPORT OF MOTION TO INTERVENE**

As explained more fully below, this Honorable Court should grant Proposed Intervenors' intervention of right under Fed. R.C.P. Rule 24(a). Proposed Intervenors have a right to intervene because this motion is timely filed with the Court and Proposed Intervenors have a substantial interest in each Sheriff's constitutional authority to make decisions regarding the function and operation of the Sheriff's office, including discretionary decisions involving law enforcement matters within the sole discretion of the Sheriff - an interest Proposed Intervenors can protect only by participating in this case.

1

In the alternative, the Court should grant Proposed Intervenors permissive intervention under Rule 24(b) because Proposed Intervenors share common questions of law and facts with the existing Sheriff Defendant, and intervention will not result in any delay or prejudice. As required by Rule 24(c), Proposed Intervenors have attached a proposed Motion to Dismiss. *see Exhibit "A"*

## I.   BACKGROUND.

On June 6, 2025, Plaintiffs, Make the Road States, Inc. d/b/a Make the Road Pennsylvania ("Make the Road PA"), NAACP Bucks County Branch 2253 ("NAACP Bucks"), BuxMont Unitarian Universalist Fellowship ("BuxMont UU"), and Juan Navia (collectively "Plaintiffs") initiated the above-captioned matter by filing a Complaint in Civil Action against Defendants, Bucks County Sheriff Frederick A. Harran ("Harran"), in both his individual and official capacity, and Bucks County.

On June 9, 2025, Defendant Harran removed the action to this Honorable Court. *See* ECF 1. Plaintiffs' Complaint relates to a Memorandum of Agreement (hereinafter referred to as "MOA" or "Agreement") between the Bucks County Sheriff's Office and the United States Immigration and Customs Enforcement ("ICE"), a component of the United States Department of Homeland Security ("DHS"). Said MOA is authorized under Section 287(g) of the Immigration and Nationality Act, 8 U.S.C. § 1357(g), which provides that the Department of

Homeland Security may "enter into written agreements with a State or any political subdivision of a State so that qualified officers and employees can perform certain functions of an immigration officer." *See* ECF 1-2, Section II.

Plaintiffs allege that "Sheriff Harran unilaterally decided to enter into a … 297(g) agreement with ICE, purportedly on behalf of the Bucks County Sheriff's Office, and Bucks County itself, without seeking or obtaining the approval of the municipality's governing body…." *See* ECF 1-1, ¶ 26. Plaintiffs' Complaint sounds in three counts.

First, Plaintiffs allege that Defendants entered into an *ultra vires* agreement in violation of the Pennsylvania Intergovernmental Cooperation Act, 53 Pa.C.S. § 2304 and seek a declaration that the Agreement is unlawful along with an injunction to prevent Defendants from implementing the Agreement. Next, Plaintiffs allege that Defendants entered into an *ultra vires* agreement in violation of Article 9, Section 5 of the Pennsylvania Constitution, and seek the same declaratory and injunctive relief. Finally, Plaintiffs seek declaratory relief under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531-7541, against all Defendants, alleging that Defendant Harran's "attempt to enter into this intergovernmental cooperation agreement and dedicate County resources for federal immigration enforcement purposes is unauthorized by the relevant governing body and is

3

therefore an *ultra vires* act in violation of the [Pennsylvania Intergovernmental Cooperation Act] and the Pennsylvania Constitution." *See* ECF 1-1, ¶ 57.

## II. ARGUMENT.

This Honorable Court should grant Proposed Intervenors' intervention as of right because they satisfy all four requirements of Rule 24(a) for the reasons set forth below. In the alternative, and at a minimum, this Honorable Court should grant permissive intervention under Rule 24(b) for the reasons set forth below.

### A. THE COURT SHOULD GRANT PROPOSED INTERVENORS' MOTION TO INTERVENE PURSUANT TO Fed. R. Civ. P. 24(a)(2).

> Intervention of right is appropriate when, upon a timely motion, a party: claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

*Fed. R. Civ. P. 24(a)(2).*

To satisfy Rule 24(a)(2), a movant must establish: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d. Cir. 1987).

4

As set forth below, Proposed Intervenors satisfy each of the four requirements, thus entitling the Proposed Intervenors to intervention of right pursuant to Fed. R. Civ. P. 24(a)(2).

**1. This Motion to Intervene is Timely.**

Proposed Intervenors satisfy the first prong of Rule 24(a) because Proposed Intervenors have filed a timely Motion to Intervene. The timeliness of a motion to intervene is "determined from all the circumstances' and, in the first instance, 'by the [trial] court in the exercise of its sound discretion.'" *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) (citing *NAACP v. New York*, 413 U.S. 345, 366 (1973)). The Third Circuit has outlined three factors to be considered when assessing the timeliness of a motion to intervene: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay. *Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d. Cir. 1995) (citing *In re Fine Paper Antitrust Litig.* at 500). Concerning the assessment of the stage of the proceedings, the critical inquiry is the degree to which the substantive proceedings on the merits have occurred. *Mt. Top*, 72 F.3d. at 369. If the Motion to Dismiss, **Exhibit "A"**, is filed in the latter stages of the proceedings, the greater the likelihood of prejudice to the opposing parties and vice versa. *See In re Fine Paper Antitrust Litig.* at 500.

This factor is satisfied by Proposed Intervenors' intervention for a simple reason: this litigation has only just begun. The matter was removed from the Bucks County Court of Common Pleas to this Court on June 9, 2025, and the named Defendants have not yet filed a responsive pleading. Accordingly, no prejudice to any of the parties would result if the Court grants Proposed Intervenors permission to intervene.

To the contrary, permitting Proposed Intervenors to intervene at this stage of the litigation will allow Proposed Intervenors to assert their defenses without any delay or disruption to the litigation. As such, Proposed Intervenors' Motion is timely.

**2. Proposed Intervenors have a Significant Interest in the Litigation.**

Proposed Intervenors satisfy the second prong of Rule 24(a) because Proposed Intervenors have "an interest relating to the property or transaction that is the subject of the action," namely, a Sheriff's constitutional and statutory authority to make decisions regarding the function and operation of the Sheriff's office, including, the Sheriff's discretionary decisions involving law enforcement matters within the sole discretion of the Sheriff, free from the improper control or influence of third parties, including, but not limited to, County Commissions, or County Councils or County Executives.

The Proposed Intervenors request to intervene as Defendants in this matter as they have distinct and unique interests in the outcome of this case and although they support Defendant Sheriff Harran, their interests are focused on the authority of Sheriffs in Pennsylvania to exercise their rights to enter into various agreements such as that described in the Complaint.

Proposed Intervenors take no position with respect to the underlying purpose of the Memorandum of Agreement at-issue in this case, but Proposed Intervenors do strongly support the authority of all Sheriffs to exercise the discretion of their Office to enter into such agreements unconstrained by the County Commissioners or County Executives/Councils. Further, both Sheriff Walters and Sheriff Sites have already executed similar Memorandums of Agreement as the Memorandum of Agreement at-issues in this case. In addition, Sheriff Walter's deputies in Bradford County have been trained and credentialed pursuant to the terms and conditions of the Memorandum of Agreement with the Bradford County Sheriff's Office.

Neither Sheriff Walters nor Sheriff Sites needed the authorization of their respective County governing bodies before entering into such Memorandums of Agreements, nor did either seek or obtain such unnecessary consent before executing the Memorandum of Agreement. Sheriff Walters and Sheriff Sites have unique interests unrepresented by Defendant Sheriff Harran in as much as they

have already executed Memorandums of Agreement and each has initiated performance in accordance with their respective Memorandums of Agreement.

The Pennsylvania Sheriffs' Association represents the interests of all Sixty-Seven (67) Sheriffs, whether under County Code Counties or Home Rule Charter Counties. The Sheriffs' Association supports the legal authority of all Sheriffs to make discretionary decisions related to their constitutional and statutory duties free, including, but not limited to, the right to enter into Memorandums of Agreement and other agreements with appropriate law enforcement entities, without the interference of the Boards of County Commissioners, County Executives, or County Councils in their respective Counties.

### 3. Proposed Intervenors' ability to protect their interests may be affected or impaired by the disposition of this Action.

Proposed Intervenors satisfy the third prong of Rule 24(a) because their rights and prior actions are directly impacted by the disposition of this matter. Rule 24(a)'s impairment inquiry is "practical" and minimal: it asks only whether disposition of the action may impair the movant's ability to protect its interests. Fed. R. Civ. P. 24(a)(2); *see also Harris*, 820 F.2d at 596. In evaluating this factor, courts "may consider any significant legal effect on the applicant's interest, including a decision's *stare decisis* effect or a proposed remedy's impact on the applicant for intervention." *Pa. v. President of the United States*, 888 F.3d 52, 59 (3d Cir. 2018) (internal quotation marks omitted). The Third Circuit also adhere to a "policy

8

preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks." *Id*.

As indicated above, both Sheriff Walters and Sheriff Sites have already executed similar Memorandums of Agreement as the Memorandum of Agreement at-issues in this case. In addition, Sheriff Walters' deputies in Bradford County have been trained and credentialed by the agency pursuant to the terms and conditions of the Memorandum of Agreement with the Bradford County Sheriff's Office.

Neither Sheriff Walters nor Sheriff Sites needed the authorization of their respective County governing bodies before entering into such Memorandums of Agreements, nor did either seek or obtain such unnecessary consent before executing the Memorandum of Agreement. Sheriff Walters and Sheriff Sites have unique interests unrepresented by Defendant Sheriff Harran in as much as they have already executed Memorandums of Agreement and each has initiated performance in accordance with their respective Memorandums of Agreement.

The Pennsylvania Sheriffs' Association represents the interests of all Sixty-Seven (67) Sheriffs, whether under County Code Counties or Home Rule Charter Counties. The Sheriffs' Association supports the legal authority of all Sheriffs to make discretionary decisions related to their constitutional and statutory duties free, including, but not limited to, the right to enter into Memorandums of

9

Agreement and other agreements with appropriate law enforcement entities, without the interference of the Boards of County Commissioners, County Executives, or County Councils in their respective Counties.

In addition to Sheriff Walters and Sheriff Sites, the Sheriffs Association represents all Sixty-Seven (67) sheriffs who have from time-to-time entered into memorandums of agreement and other similar agreements to assist, participate with, and coordinate law enforcement activities within their respective counties without the consent or prior approval of the Boards of County Commissioners, County Executives, or County Councils in their respective Counties. Such agreements include agreements with State and Federal agencies to hunt for missing persons or to Capture escaped inmates.

Finally, Plaintiffs have filed claims against Sheriff Harran not only in his official capacity, but also against him individually. Such claims, and the potential resulting personal liability, directly affect every Sheriff within the Commonwealth. Plaintiffs' claims against Sheriff Harran individually are a transparent attempt to intimidate Sheriffs from performing their constitutional duties. Such an attempt by the Plaintiffs, if successful, will adversely impact how Sheriffs perform their duties in the future and under what circumstance, if any, they enter into agreements with other law enforcement agencies whether federal or state.

4. **Proposed Intervenors' Interests are not adequately represented by the existing Defendants.**

The Third Circuit has "held that an applicant's interests are not adequately represented if they diverge sufficiently from the interests of the existing party, such that 'the existing party cannot devote proper attention to the applicant's interests.'" *Pa. v. President of the U.S.*, 888 F.3d 52, 60 (3d Cir. 2018), *citing U.S. v. Territory of the Virgin Islands*, 748 F.3d 514, 520 (3d Cir. 2014). "This burden is generally treated as minimal and requires the applicant to show that representation of his interest may be inadequate." *Id.* (internal citations omitted).

"Inadequate representation can be based on any of three possible grounds: '(1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.'" *U.S. v. Territory of the Virgin Islands*, 748 F.3d 514, 519-20 (3d Cir. 2014), *citing Hotts v. Pa.*, 672 F.2d 1133, 1135 (3d Cir. 1982).

"As the Supreme Court stated, 'the requirement of the Rule is satisfied if the applicant shows that representation of his interest "may be" inadequate; and the burden of making that showing should be treated as minimal.'" *Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368 (3d Cir. 1995), *citing Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972). "It has been noted that, '[t]he most important factor in determining the adequacy of

11

representation is how the interest of the absentee compares with the interest of the present parties. If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented. If his interest is identical to that of one of the present parties, or if there is a party charged by law with representing his interest, then a compelling showing should be required to demonstrate why this representation is not adequate.'" *Id.* at 368-69, *citing* Wright, Miller & Kane, Federal Practice and Procedure § 1909 at 318-19 (1986).

Proposed Intervenors satisfy the fourth prong of Rule 24(a) because Sheriff Harran is one of Sixty-Seven (67) Sheriff all of whom are from diverse counties with a variety of differing forms of county government; differing working relationship with the Boards of County Commissioners, County Executives, or County Councils in their respective Counties; and differing law enforcement issues and priorities.  Further, one of the "defendants" (The County of Bucks) is clearly opposed to the Sheriffs' positions.

Although Defendant Sheriff Harran may be adequately able to represent his interests as Bucks County Sheriff, the Proposed Intervenors have unique "interest[s] relating to" the authority of County Sheriffs statewide to make decisions regarding the function and operation of their respective Sheriff offices, including, discretionary decisions involving law enforcement matters within the

12

sole discretion of the County Sheriffs statewide which must be made free from the improper control or influence of third parties, including, but not limited to, the Boards of County Commissioners, County Executives, or County Councils in their respective Counties.

### B. ALTERNATIVELY, THE COURT SHOULD GRANT PROPOSED INTERVENORS PERMISSIVE INTERVENTION.

Even if this Court declines to grant intervention of right, it still should grant Proposed Intervenors permissive intervention. Rule 24(b) provides for permissive intervention where a party timely files a motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Intervention under Rule 24(b) is a "highly discretionary decision" left to the judgment of the district court. *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992); *accord Harris*, 820 F.2d at 597. In exercising its broad discretion under this Rule, the Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

Proposed Intervenors check each box for permissive intervention. First, as explained above, their motion is timely. Second, Proposed Intervenors will raise defenses that share many "common" questions with the parties' claims and defenses. Fed. R. Civ. P. 24(b)(1)(B). Plaintiffs claim that County Sheriffs must seek and obtain the approval of the Boards of County Commissioners, County Executives, or County Councils in their respective Counties, prior to entering into Memorandums of Agreement and similar agreements related to law enforcement activities with the county. Proposed Intervenors strong assert that the authority of

County Sheriffs to make decisions regarding the function and operation of the Sheriff's office, including, the Sheriff's discretionary decisions involving law enforcement matters within the sole discretion of the Sheriff, must be and is constitutionally and statutorily free from the improper control or influence of third parties, including, but not limited to, the Boards of County Commissioners, County Executives, or County Councils in their respective Counties.

Finally, Proposed Intervenors' intervention will not delay this case or prejudice the parties. As explained above, this case has only begun, so intervention will impose no additional delay. Proposed Intervenors will comply with any scheduling order issued by the Court. And allowing Proposed Intervenors to intervene would prevent any piecemeal litigation or the need for collateral challenges to a settlement or appeals from an order that may prejudice Proposed Intervenors.

## III.   CONCLUSION.

It is respectfully demanded that this Honorable Court grant Proposed Intervenors' intervention of right or, in the alternative, grant permissive intervention, and any other relief deemed appropriate by the Court.

Respectfully Submitted,

**DILLON MCCANDLESS KING COULTER & GRAHAM LLP**

Dated: June 16, 2025

By:   /s/ Thomas W. King, III
Thomas W. King, III
PA. ID. No. 21580
tking@dmkcg.com

14

/s/ Thomas E. Breth
Thomas E. Breth
PA. ID. No. 66350
tbreth@dmkcg.com

128 West Cunningham St.
Butler, PA 16001
Telephone: 724-283-2200
*Counsel for Proposed Intervenors*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within **Brief In Support of Motion to Intervene** has been served upon all other parties at the address below this 16th day of June, 2025, via email and regular US Mail:

**ACLU of Pennsylvania**
Stephen A. Loney, Jr., Esq.
Ariel Shapell, Esq.
P.O. Box 60173
Philadelphia, PA 19102
Email: sloney@aclupa.org
ashapell@aclupa.org

**ACLUF of Pennsylvania**
Keith Armstrong, Esq.
P.O. Box 60173
Philadelphia, PA 19102
Email: karmstrong@aclupa.org

**COMMUNITY JUSTICE PROJECT**
Marielle Macher, Esq.
118 LOCUST ST
HARRISBURG, PA 17101
Email: mmacher@cjplaw.org

*Counsel for Plaintiffs*

**Zimolong LLC**
Walter Stephen Zimolong, Esq.
P.O. Box 552
Villanova, PA 19085-0552
Email: wally@zimolonglaw.com

*Counsel for Defendant Frederick A. Harran*

16

**Bucks County Law Department**
Daniel D. Grieser, Esq.
55 E Court Street, 5th Floor
Doylestown, PA 18901
Email: ddgrieser@buckscounty.org

*Counsel for Defendant Bucks County*


                                                    /s/ Thomas W. King, III
                                                  Thomas W. King, III, Esq