IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MAKE THE ROAD STATES, INC., NAACP BUCKS COUNTY BRANCH 2253, BUXMONT UNITARIAN UNIVERSALIST FELLOWSHIP, and JUAN NAVIA,<br><br>Plaintiffs,<br><br>v.<br><br>FREDERICK A. HARRAN, individually and in his official capacity as Sheriff of Bucks County, and BUCKS COUNTY,<br><br>Defendants. | No. 2:25-cv-02938 |

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' EXPEDITED MOTION FOR REMAND TO THE
<u>BUCKS COUNTY COURT OF COMMON PLEAS</u>**

Marielle Macher (No. 318142)
Daniel Vitek (No. 209013)
COMMUNITY JUSTICE PROJECT
118 Locust Street
Harrisburg, PA 17101
717-236-9486
mmacher@cjplaw.org
dvitek@cjplaw.org

Stephen A. Loney, Jr. (No. 202535)
Ariel Shapell (No. 330409)
Keith Armstrong (No. 334758)
AMERICAN CIVIL LIBERTIES UNION
OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
215-592-1513
sloney@aclupa.org
ashapell@aclupa.org
karmstrong@aclupa.org

*Counsel for Plaintiffs*

Defendant Harran cannot satisfy his burden of justifying removal under 28 U.S.C. § 1442(a)(1). The federal-officer removal provision simply does not apply to a case against a local municipality and a local officer focused only on the scope of that officer's authority under state law. To shoehorn this quintessentially local dispute into something removable, Defendant Harran resorts to reframing Plaintiffs' claims. But the agreement he signed—purporting to bind County officers to an intergovernmental agreement without the approval of the County's governing body—expressly applies only to the extent consistent with state law and to the extent that Defendant Harran "is fully authorized to enter into this" agreement. Dkt. 3-1 at 9. Thus, none of Defendant Harran's arguments about ICE's contracting authority under § 287(g) support the suggestion that he was under federal direction when he attempted to exercise contracting powers.

Equally fatal is Defendant Harran's inability to identify a colorable federal defense to Plaintiffs' claims. That failing alone defeats removal under § 1442(a)(1), regardless of whether the claims arguably involve acts taken under color of a federal office. The defenses previewed in Defendant Harran's Opposition are neither colorable nor of the type that could satisfy the federal defense element for federal-officer removal. His preemption argument is unsupportable given the allowances for state law contained in the text of § 287(g). And procedural and justiciability defenses like standing or failure to join a necessary party—equally available in state court—are not substantive "federal defenses" that can convert a state law dispute into a removable case under § 1442(a)(1). Accordingly, this case must be immediately remanded.

## ARGUMENT[1]

---

[1] Defendant Harran's Opposition does not mention his initial attempt to remove this case under 28 U.S.C. § 1441. Defendants having effectively conceded the point, Plaintiffs rest on the arguments in their opening Memorandum as to removability under § 1441. Dkt. 6-5 at 5-11.

Defendant Harran must establish all four elements of the federal-officer removal test under § 1442(a)(1). *E.g.*, *Mohr v. Trs. of Univ. of Pa.*, 93 F.4th 100, 104 (3d Cir. 2004). He fails to establish all but the first one (that the defendant is a "person").

### A. Plaintiffs' Claims Are Not Based on Defendants Acting Under any Officer of the United States.

Defendant Harran fails to establish either the second or third element of the federal-officer removal test for the same basic reason: Plaintiffs' claims do not implicate any action taken by any defendant while acting under color of a federal office. Plaintiffs raise purely state law claims directed at Defendant Harran's lawless entry into an intergovernmental contract. It is undisputed that Defendant Harran unilaterally entered into a 287(g) agreement on his own accord. That decision, which forms the entire basis for Plaintiffs' claims, could not possibly have been done at the direction of any federal agency. *See* 8 U.S.C. § 1357(g)(9) (the United States cannot "require any State or political subdivision of a State to enter into" a 287(g) agreement). To get around this, Defendant Harran cherry picks allegations from Plaintiffs' Complaint and argues that they broadly "relate to actions Sheriff Harran *will* undertake for DHS" if he is allowed to implement his unlawfully-executed agreement. Opp. at 3 (emphasis added). Ultimately, however, Plaintiffs' claims are directed only at the unlawful action Sheriff Harran *has already* undertaken before performing any functions under federal direction.

Foremost, Defendant Harran focuses on selected allegations that identify harm that will occur if his violations of Pennsylvania law go unchecked. *Id*. at 8. But § 1442(a)(1) requires a showing based on the alleged actions that form the basis for the Plaintiffs' claims. Specifically, Defendant Harran must establish both that "the ***plaintiff's claims*** [are] based upon the defendant 'acting under' the United States, its agencies, or its officers" and that "the ***plaintiff's claims*** against the defendant [are] 'for or relating to' an act under color of federal office." *Mohr*, 93 F.4th at 104

(quoting *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 404 (3d Cir. 2021)) (emphasis added). The "acts" that the defendant purportedly took under the direction of the federal government must "[]relate[] to the activities challenged in Plaintiffs' complaints." *Plaquemines Par. v. BP Am. Prod. Co.*, 103 F.4th 324, 335 (5th Cir. 2024). This necessarily means that the plaintiff's claims must "involve conduct that occurred ***when the defendant was acting under the direction of a federal officer or agency***." *Mohr*, 93 F.4th at 104 (quoting *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 813 (3d Cir. 2016)) (emphasis added) (internal quotations and punctuation omitted); *cf.*, *Fernandez v. Tyson Foods, Inc.*, 509 F. Supp. 3d 1064, 1081 (N.D. Iowa 2020) (defendant does not act under the federal government when the plaintiff's "primary allegations . . . all took place prior to" any federal directive); *see also Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 759 (9th Cir. 2022) (no federal officer removal when claims relate to a period of time in which the defendant "was acting independently") (citation omitted).

Here, Defendant Harran's illegal signing of an agreement with a federal agency necessarily occurred before he could begin taking direction from that federal agency. As such, Defendant Harran's recitation of language from § 287(g) (Opp. at 5-6)—to the effect that he ***will*** act at the direction of DHS if and when he performs immigration functions pursuant to the agreement—are irrelevant to the current analysis. Plaintiffs' claims are based on Defendant Harran's actions taken on his own initiative at a time when he was not yet acting under the direction of the federal government. *See, e.g.*, *Plaquemines Par.*, 103 F.4th at 343 (Section 1442(a)(1) does not "permit the removal of cases where the defendant engaged in the challenged conduct on its own initiative in fulfillment of a tangentially related federal directive.").

The situation here is thus distinct from the quintessential government contractor cases Defendant Harran cites in opposition. Unlike *Papp*, this case does not involve product liability for

3

defects in products manufactured under a government contract. *See also*, *e.g.*, *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398-400 (5th Cir. 1998) (subsequent history omitted) (holding defendants acted under the federal government when producing Agent Orange during the Vietnam War). Moreover, while Defendant Harran highlights general statements to the effect that the "acting under" requirement be "liberally construed," *Papp*, 842 F.3d at 812 (citations omitted), the Third Circuit recently emphasized that this requirement "is not always satisfied," and that § 1442(a)(1) does not allow for "limitless" removal, *Att'y Gen. of N.J. v. Dow Chem. Co.*, No. 24-1753, 2025 WL 1646963, at *3-4 (3d Cir. June 11, 2025)).

Even if the "acting under" prong were as expansive as Defendant Harran suggests, he would still fail the "for, or relating to" prong under the cases cited in his Opposition. As emphasized in *Papp*, to satisfy this third element of the federal-officer removal test, the defendant must establish a connection "between the act in question and the federal office." 842 F.3d at 813 (quoting *In re Commonwealth's Mot. to Appoint Couns. Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 471 (3d Cir. 2015)). And as the Fourth Circuit recently explained, "[t]he statutory text tells us what must relate to what" to show a sufficient federal relationship; "[i]t is the 'act' ***for which the defendant is being sued***—not the plaintiff's entire civil action in a general sense—that must relate to the asserted federal duty." *Anne Arundel Cnty., Md. v. BP P.L.C.*, 94 F.4th 343, 348 (4th Cir. 2024) (emphasis added).[2] Accordingly, a defendant may not manufacture jurisdiction by bootstrapping allegations of a purportedly federally-related injury to claims that are

---

[2] For the same reason, Defendant Harran cannot shortcut the § 1442(a)(1) analysis by arguing that that Plaintiffs' complaint is, generally speaking, "directed at" his "relationship" with DHS. Opp. at 6-7. The language quoted for this point comes from *Papp*'s statement that "[i]t is sufficient ***for the 'acting under' inquiry*** that the allegations are directed at the relationship" between the defendant and a federal agency. 842 F.3d at 813 (emphasis added). Even if the Court were to credit Defendant Harran's stretching of this concept to the case at hand, it could only satisfy one element of the test, at most, and does not explain how the conduct forming the basis for Plaintiffs' claims—unilaterally executing a 287(g) agreement—relates to any act taken at a federal agency's direction.

otherwise unrelated to any federal act. *Id.* at 349. The "act in question" is something Defendant Harran did on his own initiative, before he could do anything under color of any federal office.

### B. Defendant Harran Identifies No Colorable Federal Defense.

Likewise, Defendant Harran raises no colorable federal defense. A colorable federal defense for the purposes of federal-officer removal must, at a minimum, be "based on federal law" and "establish a complete defense at trial." *Barber v. Avco Corp.*, No. CV 15-03146, 2015 WL 7180507, at *6 (E.D. Pa. Nov. 16, 2015) (quoting *Mesa v. California*, 489 U.S. 121, 139 (1989) and *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 783 (E.D. Pa. 2010)). Here, Defendant Harran's purported federal defenses are disingenuous, at best, and several of them are not federal defenses for purposes of removal at all.

As an initial matter, Defendant Harran's argument that he is his own "political subdivision" is frivolous. As explained in Plaintiffs' opening Memorandum of Law, (Dkt. 6-5 at 13), the statute creating the 287(g) program expressly states that a local law enforcement agency may enter into a 287(g) agreement only "***to the extent consistent with State and local law***." 8 U.S.C. § 1357(g)(1) (emphasis added). *Cf. Ocean City Bd. of Comm'rs v. Att'y Gen. of N.J.*, 8 F.4th 176, 178-79 (3d Cir. 2021) (holding federal law does not preempt state statute prohibiting state subdivisions from entering into 287(g) agreements). Defendant Harran's Opposition simply ignores the import of this statutory requirement for state law considerations, which is fatal to his argument that this case turns exclusively on interpretation of the Immigration and Nationality Act ("INA").

Regardless of whether the Sheriff's office is a "political subdivision" with which ICE "***may***" enter into an agreement under § 1357(g)(1), he still must comply with state and local law before doing so. *See, e.g.*, *McHenry Cnty. v. Kwame Raoul*, 44 F.4th 581, 589 (7th Cir. 2022) (holding that the INA's "political subdivision" language does not convert units of local

government into "sovereign entities" in violation of state law) (quoting *Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 362 (2009)). In this case, that means he first must comply with Article 9, § 5 of the Pennsylvania Constitution and the Pennsylvania Intergovernmental Cooperation Act ("ICA"), 53 Pa.C.S.A. § 2301 *et seq.*, which require him to obtain permission from the Bucks County Commissioners before entering the agreement.[3]

Likewise, Defendant Harran's claim of federal sovereign immunity is absurd. Under § 287(g), a local law enforcement agency is "acting under color of Federal authority for purposes of determining . . . immunity from suit" only when the agency is "***acting under color of authority*** under this subsection [of the INA]***, or any [287(g)] agreement entered into under this subsection***." 8 U.S.C. § 1357(g)(8). Plaintiffs' claims in this case concern Defendants' unlawful ***entry*** into the 287(g) agreement, not his implementation of the agreement. Similarly, the 287(g) agreement itself states that Defendant Harran "will be considered acting under color of federal authority" only when he is "performing a function on behalf of ICE authorized by this MOA." Dkt. 1-2 at 7. Because Defendant Harran cannot claim that he was performing a function authorized by ICE in unilaterally ***entering*** into the 287(g) agreement, he has no possible (let alone colorable) basis for invoking federal immunity.

---

[3] To the extent that Defendant Harran claims he signed the agreement in his own capacity as the "Bucks County Sheriff" and not on behalf of Bucks County, that does nothing to help him. Even if the Sheriff's Office could meet the definition of a political subdivision under the INA, a sheriff's office is a component of the county government and not its own "legal entit[y]." *Monastra v. Delaware Cnty. Sheriff's Off.*, 49 A.3d 556, 558 (Pa. Commw. Ct. 2012). Thus, under § 287(g)(1)'s express command that 287(g) agreements be consistent with state and local law, Defendant Harran remains subject to the requirements under Article 9, § 5 of the Pennsylvania Constitution and the Pennsylvania ICA that he obtain the County Commissioners' approval for entering into such an agreement. And he would be in an even worse position on the merits if the Court were to accept the absurd claim that he is separate from Bucks County. Under both Article 9, § 5 of the Pennsylvania Constitution and § 2304 of the Pennsylvania ICA, only "municipalit[ies]," including counties, have the power to enter into intergovernmental agreements. Even if Defendant Harran were independent of Bucks County, he would still not be a "municipality" and thus has no possible authority under Pennsylvania law to enter into any intergovernmental agreement. *See Matter of Arb. Between Borough of Ambridge & Police Dep't*, 417 A.2d 291, 292 (Pa. Commw. Ct. 1980)) (units of local government have no powers beyond those that the state legislature has given it).

Lastly, Defendant Harran's purported procedural defenses of standing and failure to join a necessary party are not federal defenses for purposes of removal. Section 1442(a)(1) requires that the removing party's federal defenses be "based in federal law." *Mesa v. California*, 489 U.S. 121, 130 (1989). To satisfy this standard, the federal defense must "'arise under' federal law," just as a plaintiff's claims must arise under federal law for purposes of federal question jurisdiction. *Thompson v. Army & Air Force Exch. Serv.*, 125 F.4th 831, 834 (7th Cir. 2025); *see also DeFiore v. SOC LLC*, 85 F.4th 546, 560 (9th Cir. 2023) (applying the federal question jurisdiction standard to federal defenses under § 1442(a)(1)); *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017).

Purely procedural defenses, by their very nature, do not arise under federal law. *See Dep't of Health v. GEO Grp., Inc.*, No. C24-5639 BHS, 2024 WL 4406912, at *4 (W.D. Wash. Sept. 16, 2024) ("[A] procedural defense" is not a federal defense under § 1442(a)(1)); *La Fosse v. Fed. Deposit Ins. Corp.*, 155 F. Supp. 3d 144, 146 (D.P.R. 2015) (an attack on standing is a state law issue that does not raise a federal question); *Guggenberger v. Starkey Lab'ys, Inc.*, No. CV 16-2021 (JRT/LIB), 2016 WL 7479542, at *12 (D. Minn. Dec. 29, 2016) (procedural defenses under the Federal Rules of Criminal Procedure are not federal defenses under § 1442(a)(1)). This is because a defendant may invoke such defenses only ***if federal jurisdiction is proper in the first place***—they do not themselves form a basis for jurisdiction. *See, e.g.*, Fed. R. Civ. P. 81(c)(1). The logic for this rule is clear— otherwise, any defendant would be able to point to the Federal Rules of Civil Procedures and demand instant access to a federal forum. Here, Defendant Harran can raise his procedural defenses just as easily in state court. But he cannot remove to federal court and then try to shoehorn this Court's rules into the very basis for removal in the first place.

## CONCLUSION

Plaintiffs respectfully request that this Court immediately remand this case to state court.

7

Dated: June 24, 2025                                   Respectfully submitted,

                                                       By: /s/ Ariel Shapell

Marielle Macher (No. 318142)                           Ariel Shapell (No. 330409)
Daniel Vitek (No. 209013)                              Stephen A. Loney, Jr. (No. 202535)
COMMUNITY JUSTICE PROJECT                              Keith Armstrong (No. 334758)
118 Locust Street                                      AMERICAN CIVIL LIBERTIES UNION
Harrisburg, PA 17101                                   OF PENNSYLVANIA
717-236-9486                                           P.O. Box 60173
mmacher@cjplaw.org                                     Philadelphia, PA 19102
dvitek@cjplaw.org                                      215-592-1513
                                                       ashapell@aclupa.org
                                                       sloney@aclupa.org
                                                       karmstrong@aclupa.org

                                                       *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

                          /s/ Ariel Shapell
                          Ariel Shapell (No. 330409)