IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAKE THE ROAD STATES, INC., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-2938 |
| | : | |
| FREDERICK A. HARRAN, individually and in his official capacity as Sheriff of Bucks County, et al. | : : : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                                                                   **June 27, 2025**

On June 6, 2025, Plaintiffs Make the Road States, Inc., NAACP Bucks County Branch 2253, BuxMont Unitarian Universalist Fellowship, and Juan Navia filed suit in the Bucks County Court of Common Pleas against Defendant Frederick A. Harran, Sheriff of Bucks County, for allegedly entering into an ultra vires cooperation agreement with U.S. Immigration and Customs Enforcement ("ICE") in violation of Pennsylvania state law. Plaintiffs also sued Defendant Bucks County for its alleged failure to prevent Sheriff Harran from implementing the agreement. Defendant Harran then removed the case to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1). Plaintiffs now move to remand the case to state court, arguing there is no basis for removal under either statute. Plaintiffs further argue the Court should award them attorneys' fees. Because removal in this case is improper under both 28 U.S.C. §§ 1441(a) and 1442(a)(1), the Court will remand this case to the Bucks County Court of Common Pleas. And, because there was no objectively reasonable basis to seek removal, an award of attorneys' fees is appropriate.

**BACKGROUND**

Plaintiffs allege Defendant Frederick A. Harran, Sheriff of Bucks County, unilaterally signed a cooperation agreement with ICE, which was approved by ICE on May 13, 2025. Compl. ¶ 20, ECF No. 1-1. The agreement was entered into pursuant to Section 287(g) of the Immigration

and Nationality Act ("INA"), which permits local law enforcement officials to carry out immigration enforcement functions such as the investigation, apprehension, and detention of non-citizens. *Id.* ¶ 16; *see also* 8 U.S.C. § 1357(g). Plaintiffs allege Sheriff Harran "unilaterally" entered into the agreement with ICE, "without seeking or obtaining the approval of the municipality's governing body—the Bucks County Board of Commissioners." Compl. ¶ 26. They further allege that in doing so, Sheriff Harran violated the Pennsylvania Intergovernmental Act, 53 Pa.C.S.A. § 2301 *et seq.* (Count I), and Article 9, Section 5 of the Pennsylvania Constitution (Count II) because only the Bucks County Board of Commissioners is authorized to enter into intergovernmental cooperation agreements with the federal government on behalf of the County. *See* Compl. ¶¶ 34-60. Plaintiffs do not challenge the contents of the 287(g) agreement nor its implementation, instead focusing squarely on whether Defendant Harran had the authority to enter into the agreement with ICE in the first place under Pennsylvania state law. As relief, Plaintiffs seek a declaratory judgment under the Pennsylvania declaratory judgment law (Count III) and an injunction terminating the agreement. Compl. at 19-20.

Three days after this case was filed in the Bucks County Court of Common Pleas, Sheriff Harran removed it to federal court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction. ECF No. 1. Defendant Harran later amended his removal notice to also include removal based on 28 U.S.C. § 1442(a)(1), the federal officer removal statute. ECF No. 3. Plaintiffs now move to remand this case to state court, arguing that neither basis for removal is applicable.

**LEGAL STANDARD**

"The right of removal is entirely a creature of statute and a suit commenced in state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citation and internal quotation marks omitted). The general removal statute, 28 U.S.C. § 1441, permits a party to remove state litigation to federal

court if the action could have been initially brought in federal court. Courts are to strictly construe § 1441 against removal, resolving all doubts in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

In more limited circumstances, a defendant may also remove state litigation to federal court pursuant to the federal officer removal statute, which authorizes removal when a defendant is a federal officer or "any person acting under that officer." 28 U.S.C. § 1442(a)(1). To remove under § 1442(a)(1), a defendant must show: "(1) the defendant [is] a 'person' within the meaning of the statute; (2) the plaintiff's claims [are] based upon the defendant 'acting under' the United States, its agencies, or its officers; (3) the plaintiff's claims against the defendant [are] 'for or relating to' an act under color of federal office; and (4) the defendant raise[s] a colorable federal defense to the plaintiff's claims." *Mohr v. Trs. of the Univ. of Pa.*, 93 F.4th 100, 104 (3d Cir. 2024). The defendant seeking federal-officer removal bears the burden of establishing that all four requirements are met. *Id*. The central purpose of the statute is to "protect officers of the federal government from interference by litigation in state court while those officers are trying to carry out their duties." *Id.* (citation omitted). Unlike § 1441, courts are to broadly construe § 1442(a). *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007). If, following removal, a court finds that removal was procedurally defective or that the court has no subject matter jurisdiction over the case, it must remand the case to state court. *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1215 (3d Cir. 1991); *see* 28 U.S.C. 1447(c).

**DISCUSSION**

Sheriff Harran removed this case pursuant to 8 U.S.C. §§ 1441(a) and 1442(a)(1). As Plaintiffs note, Defendant Harran's removal under § 1441(a) was plainly procedurally defective

3

and not a proper basis for removal.[1] The Court therefore turns to removal pursuant to § 1442(a)(1), the federal officer removal statute. Removal under that basis is also improper as Sheriff Harran has failed to establish all four requirements. The parties do not dispute that the first requirement is met—that Sheriff Harran is a "person" within the meaning of the statute. *See* ECF No. 17 at 3. The Court addresses the remaining three elements.

First, Sheriff Harran has failed to establish that Plaintiffs' claims are "based upon the defendant 'acting under' the United States, its agencies, or its officers." *Mohr*, 93 F.4th at 104. The "acting under" language refers to a "special relationship" in which the federal government "delegat[es] ... legal authority to the private party to undertake a duty or task on the Government['s] ... behalf." *Id.* at 105 (internal citation and quotation marks omitted). While the "acting under" language is meant to be read broadly, it is not limitless. *Watson*, 551 U.S. at 147. Importantly, the required relationship "typically involves subjection, guidance, or control." *Id.* at 151. Actions that are taken independently by a private person do not constitute "acting under." *See Cty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 759 (9th Cir. 2022). Nor is a private person "acting under" the

---

[1] Under 28 U.S.C. § 1441, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Critically, when a case is removed solely under § 1441(a), all defendants must either join in or consent to the removal. *Id.* § 1446(b)(2)(A). "The failure to receive the consent of all defendants in removal is a procedural defect warranting remand." *Garcia v. Dial*, 757 F. Supp. 3d 622, 626 (E.D. Pa. 2024) (citing *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985)). Defendant Bucks County—the other defendant in this case—"did not and does not consent" to removal. *See* ECF No. 15 at 1; ECF No. 6-4 at 2. Defendant Harran presumably understood that Bucks County's lack of consent precluded removal under § 1441(a), seeing as he amended his original notice of removal—which cited only § 1441(a) as the basis for removal—to include removal under the separate ground of § 1442(a)(1). He also abandoned his argument that removal was proper pursuant to § 1441(a) in his response to Plaintiffs' motion, instead focusing solely on removal under § 1442(a)(1). *See* ECF No. 14. Because Defendant Bucks County did not join in or consent to the removal of this case, Sheriff Harran was not entitled to remove the case under § 1441(a).

federal government even if they received "strong encouragement" from the government to take a certain course of action. *See Glenn v. Tyson Foods, Inc.*, 40 F.4th 230, 232 (5th Cir. 2022).

Sheriff Harran argues the "acting under" requirement is met here because those who enter into a Section 287(g) agreement are subject to the direction of the Attorney General and in carrying out the agreement, he and his officers would be subject to ICE direction. ECF No. 14 at 5-6. This argument is absurd. In analyzing this element, the focus is on Plaintiffs' claims. The claims in this case do not challenge Sheriff Harran's actions pursuant to any 287(g) agreement. Nor do they challenge the actions Sheriff Harran would take under the agreement, such as executing arrest warrants for immigration violations or issuing immigration detainers. *See generally* Compl.; *see also* ECF No. 3-1 at 34. Rather, Plaintiffs' claims pertain *exclusively* to Sheriff Harran's lack of authority to enter into the agreement in the first place. *See* Compl. ¶¶ 34-60.

Sheriff Harran was not "acting under" federal direction when he unilaterally signed the 287(g) agreement. There is nothing to suggest the Government compelled, coerced, or controlled Sheriff Harran's decision to enter into the agreement with ICE. *See Att'y Gen. of N.J. v. Dow Chem. Co.*, __ F.4th__, 2025 WL 1646963, at *5 (3d Cir. June 11, 2025) (discussing examples of government coercion in the federal-officer removal context, such as when the federal government directed companies to produce Agent Orange during the Vietnam War). In fact, there is no suggestion of any federal involvement, other than the fact that the federal government is the other contracting party. The lack of federal direction here is especially evident because entry into 287(g) agreements is voluntary. *See* 8 U.S.C. § 1357(g)(9) ("Nothing in this subsection shall be construed to require any State or political subdivision of a State to enter into an agreement with the Attorney General under this subsection."). As Plaintiffs persuasively argue, Sheriff Harran's signing of the agreement "necessarily occurred *before* he could begin taking direction from that federal agency."

5

ECF No. 17 at 4 (emphasis added). Relying on *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 813 (3d Cir. 2016), Defendant Harran argues that even if no federal direction was involved, he still meets the "acting under" requirement because "plaintiffs' *complaint* strikes at the heart of the relationship between Sheriff Harran and DHS." ECF No. 14 at 7 (emphasis added). But Defendant's reliance on *Papp* is inapposite because the *allegations* here are not "directed at the relationship between [defendant] and the [federal officer or agency]." 842 F.3d at 813 (holding that Boeing's production of a military aircraft under a federal contract satisfied the "acting under" requirement). Because Plaintiffs' claims are not based upon Sheriff Harran "acting under" the federal government, he is not entitled to remove this case under the federal officer removal statute.

Next, the Court addresses whether Plaintiffs' claims against Sheriff Harran are "for or relating to" an act under color of federal office. To meet this requirement, it is "sufficient for there to be a connection or association between the act in question and the federal office." *Id.* (internal citation and quotation marks omitted). Even applying this "permissive view" of this requirement, *id.*, there is no connection or association sufficient to establish this element. The claims in this case are about whether Sheriff Harran had the authority under state law to enter into the intergovernmental cooperation agreement. Compl. ¶¶ 34-60. That issue is separate and distinct from any connection to the federal office. This second element is also not met.

Lastly, the Court analyzes whether Sheriff Harran has raised a colorable federal defense to Plaintiffs' claims. He has also failed to prove this requirement. Federal officer removal is permissible where "it appears that a Federal question or a claim to a Federal right is raised in the case, and must be decided therein." *In re Commonwealth's Motion to Appoint Couns. Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 472-73 (3d Cir. 2015) (quoting *Mesa v. California*, 489 U.S. 121, 126-27 (1989)). "What matters is that a defense raises a federal question." *Id.* at

473. The purpose of allowing such cases to proceed in federal court is to "ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties." *Arizona v. Manypenny*, 451 U.S. 232, 241 (1981). For a defense to be "colorable," a defendant need only show that "the defense was legitimate and [could] reasonably be asserted, given the facts presented and the current law." *Papp*, 842 F.3d at 815 (internal citation and quotation marks omitted).

Defendant Harran asserts "four plausible colorable defenses to plaintiffs' claims." ECF No. 14 at 9. However, none of these defenses presents a colorable federal defense to the claims in Plaintiffs' complaint. Defendant Harran argues he is a "political subdivision" under federal law and was therefore authorized to execute the 287(g) agreement because Section 287(g) authorizes the Attorney General to enter into a written agreement with a "political subdivision of a State." ECF No. 14 at 12. Even assuming Defendant Harran is a political subdivision of the state under the INA, this argument does not provide a colorable federal defense because under the INA, those who enter into Section 287(g) agreements may only do so "to the extent consistent with State and local law." 8 U.S.C. § 1357(g)(1); *see also McHenry Cty. v. Kwame Raoul*, 44 F.4th 581, 589 (7th Cir. 2022) (holding that under the INA, "political subdivisions" are not "sovereign entities" beyond the bounds of state authority). By its own language, the INA requires Defendant Harran to comply with any constraints imposed by Pennsylvania law. Whether Defendant Harran violated those constraints—the central issue of this case—raises questions of state, and not federal law.

Defendant Harran also asserts a federal immunity defense, arguing that he is a "federal official" for the purposes of determining liability under Section 287(g) of the INA and is therefore, entitled to "federal sovereign immunity from all claims plaintiffs bring to enjoin Sheriff Harran's actions under the 287(g) Agreement." ECF No. 14 at 15. As described above, this argument again

puts the cart before the horse. Plaintiffs' claims do not challenge Sheriff Harran's actions under the 287(g) agreement, but instead challenge the underlying validity of that agreement by pointing to Defendant Harran's alleged lack of authority to enter into it. Any immunity Sheriff Harran may have pursuant to Section 287(g) is not applicable in this context.

Sheriff Harran's final two defenses—lack of standing and failure to join a necessary party—also fail because they are not federal defenses in the context of § 1442(a)(1). Defendant Harran describes the merits of these defenses at length in his response, but these arguments are not relevant to the present analysis because neither defense raises a federal question. *See; e.g., Dep't of Health v. GEO Grp., Inc.*, No. 24-5639, 2024 WL 4406912, at *4 (W.D. Wash. Sept. 16, 2024) (failure to join a party is not a federal defense for the purposes of removal under § 1442(a)(1)); *Guggenberger v. Starkey Lab'ys, Inc.*, No. 16-2021, 2016 WL 7479542, at *12 (D. Minn. Dec. 29, 2016) (finding no colorable federal defense when the defendant raised procedural defenses under the Federal Rules of Criminal Procedure). While these defenses are *available* to Defendant Harran in federal court, they do not present federal questions in of themselves. *See Arizona*, 451 U.S. at 241 (describing the purpose of providing a federal forum for federal defenses). Sheriff Harran has therefore failed to establish any colorable federal defense. And because he has failed to establish three of the four requirements for federal-officer removal, there is no proper basis to remove this case to federal court. For lack of jurisdiction, this Court will remand this case to the Bucks County Court of Common Pleas. *See* 28 U.S.C. § 1447(c).

Having found that removal is not warranted, the Court turns to Plaintiffs' request for attorneys' fees. Plaintiffs argue fees are appropriate because "Defendant Harran had no reasonable basis for removing this case, causing Plaintiffs to spend time and resources seeking removal while delaying the urgent relief sought in their pending preliminary injunction motion." ECF No. 6 at 3.

Under 28 U.S.C. § 1447(c), a court may award attorneys' fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Sheriff Harran had no objectively reasonable basis for seeking removal. Sheriff Harran's first attempt at removal under § 1441(a) was plainly procedurally defective because Defendant Bucks County did not consent to removal. His second removal attempt clearly failed to establish that he is entitled to removal under § 1442(a)(1). An award of attorneys' fees and costs associated with the motion to remand is appropriate, in an amount to be determined.

**CONCLUSION**

Sheriff Harran has failed to establish that removal of this case is appropriate. His removal under 28 U.S.C. § 1441 was procedurally defective and he has failed to establish the requirements to remove this case under 28 U.S.C. § 1442(a)(1). Accordingly, the Court will remand this case to the Bucks County Court of Common Pleas. Because there was no reasonable basis for removing this case, the Court will grant Plaintiffs costs and attorneys' fees.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.