IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MAKE THE ROAD STATES, INC., NAACP BUCKS COUNTY BRANCH 2253, BUXMONT UNITARIAN UNIVERSALIST FELLOWSHIP, and JUAN NAVIA, <br><br>  Plaintiffs, <br><br>  v. <br><br> FREDERICK A. HARRAN, individually and in his official capacity as Sheriff of Bucks County, and BUCKS COUNTY, <br><br>  Defendants. | No. 2:25-cv-02938 |

**BRIEF IN SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEYS' FEES**

**I.   BACKGROUND**

Plaintiffs Make the Road States, Inc., NAACP Bucks County Branch 2253, Buxmont Unitarian Universalist Fellowship, and Juan Navia (collectively, "Plaintiffs") filed a Complaint on June 6, 2025 in the Bucks County Court of Common Pleas, raising only state law claims against Defendants Frederick A. Harran ("Defendant Harran") and Bucks County. *See* Compl., Dkt. 1-1. These claims arise out of Defendant Harran's *ultra vires* signing of a 287(g) agreement with U.S. Immigration and Customs Enforcement ("ICE"), purporting to dedicate county personnel and resources to immigration enforcement functions, without the approval of the Bucks County Board of Commissioners required as a matter of Pennsylvania law. *Id.* Plaintiffs simultaneously filed an application for a preliminary injunction in the Bucks County Court of Common Pleas to prevent Defendants from immediately implementing this *ultra vires* agreement. Dkt. 6-3.

1

On June 9, 2025, before the state court had an opportunity to address Plaintiffs' preliminary injunction motion, Defendant Harran filed a Notice of Removal of this action to federal court relying on 28 U.S.C. § 1441(a). *See* Notice of Removal, Dkt. 1. Defendant Bucks County did not consent to this removal. *See* June 10, 2025 E-mail from D. Grieser, Dkt. 6-4. Defendant Harran's attempt to remove under 28 U.S.C. § 1441(a) was thus in plain violation of 28 U.S.C. § 1446(b)(2)(A). Presumably recognizing this defect, Defendant Harran filed an Amended Notice of Removal on June 10, 2025, attempting to raise a *post hoc* justification for removal under 28 U.S.C. § 1442. Dkt. 3.

Given the urgency of this matter, the clear impropriety of Defendant Harran's removal, and the need for resolution of the preliminary injunction motion pending in state court, Plaintiffs immediately sought remand and asked for expedited consideration of its remand motion on June 12, 2025. Dkt. 6. And given Defendant Harran's lack of an objectively reasonable basis for seeking removal, Plaintiffs moved for an award of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1447(c). *See* Dkt. 6-5 (quoting *Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 141 (2005); *League of Women Voters of Pa. v. Commonwealth of Pa. ("LWV"),* 921 F.3d 378, 383 (3d Cir. 2019)). The Court directed the parties to submit a joint briefing schedule and held a status conference to discuss the removal and remand issues on June 16, 2025. *See* Dkt. 10 & 13. Per the parties' agreed schedule, Defendants responded to Plaintiffs' Expedited Motion to Remand on June 20 (Dkt. 14 & 15), and Plaintiffs filed an expedited Reply Brief on June 24, 2025 (Dkt. 17).

While the remand motion was pending, Defendant Harran's representatives declined Plaintiffs' request to cease any implementation of his unlawful 287(g) agreement pending the outcome of the remand motion. *See* Dkt. 19-3. Given this indication that he would continue through the process of training deputies to carry out federal immigration functions pursuant to an

2

unapproved, unlawful agreement, Plaintiffs filed a Motion for Temporary Restraining Order on June 26, 2025, seeking to preserve the status quo pending the remand decision. Dkt. 19.

On June 27, 2025, this Court issued an Order and Memorandum Opinion granting Plaintiffs' Motion for Remand.[1] The Court determined that "there is no proper basis to remove this case to federal court" and therefore ordered it remanded to the Bucks County Court of Common Pleas "[f]or lack of jurisdiction." Dkt. 21 at 8. Finding that Defendant Harran lacked any "objectively reasonable basis for seeking removal," this Court further awarded attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). *Id.* at 9 (quoting *Martin*, 546 U.S. at 141). In its Memorandum Opinion supporting this award, the Court found Defendant Harran's arguments under § 1442 to be "absurd." *Id.* at 5. Accordingly, the Court determined:

> Sheriff Harran's first attempt at removal under § 1441(a) was plainly procedurally defective because Defendant Bucks County did not consent to removal. His second removal attempt clearly failed to establish that he is entitled to removal under § 1442(a)(1).

*Id.* at 9. Having determined that an award of fees is appropriate, the Court ordered Plaintiffs to file this fee petition to determine the specific amount. *See* Dkt. 22.

## II. DISCUSSION

The federal removal and remand statute authorizes an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" to a plaintiff prevailing on motion for remand. 28 U.S.C. § 1447(c). As this Court recognized, such an award is appropriate where, as here, "the removing party lacked an objectively reasonable basis for seeking removal." *LWV,* 921 F.3d at 383 (quoting *Martin,* 546 U.S. at 141). As detailed in Plaintiffs' briefing on their

---

[1] The Court's decision to remand the case moots Plaintiffs' June 26, 2026 Motion for Temporary Restraining Order filed with this Court, leaving the state court to address their already-pending request for preliminary relief.

Expedited Motion for Remand, and confirmed in this Court's Memorandum Opinion, Defendant Harran's attempts to justify removal under either § 1441 or § 1442 were completely without legal basis and accomplished little more than adding unnecessarily costly steps to this litigation and delaying prompt adjudication of Plaintiffs' preliminary injunction. Because the Court has already ruled that Defendant Harran lacked reasonable basis for removal, and has therefore already ordered the payment of fees, Plaintiffs focus here on the amount of their reasonable fees incurred as a result of the improvident removal.

The appropriate amount of fees to award is determined by the recognized "lodestar" method, multiplying a reasonable hourly billing rate for the lawyers' services by the reasonable number of hours expended on the litigation. *LWV*, 921 F.3d 378, 387 (3d Cir. 2019) (citing *In re AT & T Corp.*, 455 F.3d 160, 164 (3d Cir. 2006)). "The lodestar is presumed to be the reasonable fee." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

### A. Plaintiffs' Rates Are Reasonable.

In determining the reasonableness of each attorney's rate, the Court should consider the experience and skill of the attorney and compare the attorney's rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Here, the Court should look to "customary Philadelphia legal fees." *LWV*, 921 F.3d at 387 (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 699 (3d Cir. 2005)). The fee schedule published by Community Legal Services (CLS) is "a fair reflection of the prevailing market rates in Philadelphia."[2] *MP ex rel. VC v. Parkland Sch. Dist.*, No. 5:20-cv-4447, 2021 WL

---

[2] The CLS fee schedule, available at https://clsphila.org/about-community-legal-services/attorney-fees/, was last updated on January 19, 2023.

5177012, at *2 (E.D. Pa. Nov. 5, 2021) (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001)).[3] An attorney's admission to the bar is the relevant starting point for evaluating experience. *Id.*

Plaintiffs have been represented in this litigation by attorney Marielle Macher of the Community Justice Project and attorneys Stephen A. Loney, Jr., Ariel Shapell, and Keith Armstrong of the ACLU of Pennsylvania, with assistance from paralegal Emily Hoecker. Attached as exhibits are declarations of Plaintiffs' representatives, documenting each of their experience, hourly rate, and time spent on this case.  The fees for each are calculated using the lodestar method are as follows:

| Attorney | Years of Experience | Time | Hourly Rate | Amount |
|---|---|---|---|---|
| Marielle Macher | 14 | 32 | $ 500 | $ 16,000.00 |
| Stephen A. Loney, Jr. | 21 | 25.3 | $ 630 | $ 15,372.00 |
| Ariel Shapell | 4 | 18.4 | $ 315 | $ 1,449.00 |
| Keith Armstrong | 4 | 7.2 | $ 315 | $ 1,795.50 |
| Emily Hoecker | 5* | 4.5 | $ 205 | $ 553.50 |
| **TOTALS** | | | | **$ $35,170.00** |

*Indicates years of experience in paralegal roles.

Marielle Macher is the Executive Director at the Community Justice Project ("CJP"), a non-profit legal aid program that focuses on impact-oriented advocacy and legal challenges to policies and practices that cause hardship to low-income people throughout Pennsylvania. She has approximately 14 years of federal litigation experience, beginning as a law clerk for the Honorable

---

[3] This Court recently approved hourly rates exceeding the CLS fee schedule for prevailing attorneys with extraordinary experience and skill in civil rights cases. *Dennis v. Jastrzembski,* No. CV 18-2689, 2025 WL 1582452, at *3 (E.D. Pa. June 4, 2025). While experienced attorneys and leaders in their field like attorneys Macher and Loney might justify a departure from CLS rates on a similar basis, Plaintiffs are grounding this petition in CLS rates for the sake of reasonableness and to avoid needless disputes over appropriate rates.

Thomas I. Vanaskie of the U.S. Court of Appeals for the Third Circuit. She was a Skadden Fellow at the Washington Lawyers' Committee for Civil Rights & Urban Affairs and served as a Staff Attorney at CJP before becoming the organization's Executive Director. Ms. Macher earned her law degree from Harvard Law School and her undergraduate degree from Cornell University. Her $500 hourly rate for this case is consistent with the 2023 CLS fee schedule, which provides an hourly rate range of $420-525 for lawyers with 11-15 years of experience. Ms. Macher's Declaration is attached hereto as **Exhibit A**.

Stephen A. Loney, Jr. is the Senior Supervising Attorney at the ACLU of Pennsylvania. He has 21 years of complex litigation and federal court experience, including practicing commercial litigation for 16 years at large law firms. Before leaving private practice to pursue civil rights work full time, Mr. Loney maintained a civil rights practice as a Pro Bono Liaison Partner for Hogan Lovells and served as the Group Manager for the firm's award-winning Philadelphia Litigation Group, where his billable rate routinely exceeded $900-1,000 per hour. Mr. Loney earned his law degree from the New York University School of Law in 2004 and his undergraduate degree from St. Joseph's University in 2001. He also clerked for the Honorable Franklin Van Antwerpen on the U.S. Court of Appeals for the Third Circuit. Mr. Loney's $630 hourly rate for this case is consistent with the 2023 CLS fee schedule, which provides an hourly rate range of $630-715 for lawyers with 21-25 years of experience. Mr. Loney's Declaration is attached hereto as **Exhibit B**.

Ariel Shapell is a Staff Attorney with the ACLU of Pennsylvania. He has 4 years of federal litigation experience, practicing civil rights for his entire career. He earned his law degree from the University of Pennsylvania Carey Law School in 2021 and earned his undergraduate degree from Washington University in St. Louis. Mr. Shapell's $315 hourly rate for this case is consistent

with the 2023 CLS fee schedule, which provides an hourly rate range of $265-315 for lawyers with 2-5 years of experience. Mr. Shapell's Declaration is attached hereto as **Exhibit C**.

Keith Armstrong is a litigation attorney with a specialty in immigrants' rights issues. He earned his law degree from the Northwestern University Pritzker School of Law in 2021 and earned his undergraduate degree from Macalester College. Since 2023, Mr. Armstrong has been a Fellowship Attorney for Immigrants Rights with the ACLU of Pennsylvania. Mr. Armstrong's $315 hourly rate for this case is consistent with the 2023 CLS fee schedule, which provides an hourly rate range of $265-315 for lawyers with 2-5 years of experience. Mr. Armstrong's Declaration is attached hereto as **Exhibit D**.

Emily Hoecker is an experienced paralegal with the ACLU of Pennsylvania. She has been the lead paralegal for the organization since 2023 and, before that, worked for 3 years at a criminal defense legal organization in Oklahoma. She earned an undergraduate degree from Northwestern University in December 2019. Ms. Hoecker's $205 hourly rate for this case is consistent with the 2023 CLS fee schedule, which provides an hourly rate range of $190-240 for paralegals with 1-10 years of experience. Ms. Hoecker's Declaration is attached hereto as **Exhibit E**.

In light of the foregoing qualifications, Plaintiffs request hourly rates from $205 to $630, commensurate with each representative's skill and experience level. The rates charged in this matter were commensurate with those of other attorneys with similar levels of experience practicing in this Court.[4]

---

[4] In an effort to minimize the expenditure of additional time, fees and expenses, Plaintiffs have not included in this submission supporting affidavits from community lawyers to further bolster their submission on reasonableness of fees in the prevailing market, because the process of soliciting these testimonials can be time-consuming, thus driving up fees.

### B. The Time Spent Is Reasonable.

Plaintiffs' attorneys' time sheets are based on notes contemporaneously maintained and kept in the regular course of business. Each attorney's time sheet is attached to their respective declaration. The time spent, on an expedited schedule, addressing this baseless removal was especially necessary given the importance of the rights at stake and the need to move quickly to minimize the impact of Defendant Harran's move to delay adjudication of Plaintiffs' preliminary injunction motion filed in state court. The expenses and fees were further significantly compounded by Defendant Harran's sudden shifting of theories for removal from federal question jurisdiction under § 1441 to federal officer removal under § 1442. All tasks listed in the accompanying time sheets, and the time spent to perform them, were thus necessitated by Defendant Harran's improvident removal to federal court without objectively reasonable basis. Plaintiffs have not charged for any time or activity that they would have performed in state court, but for the need to address Defendant Harran's removal.[5]

## III. CONCLUSION

For the foregoing reasons, this Court should award Plaintiffs $35,170.00 in reasonable attorneys' fees pursuant to 28 U.S.C. § 1447(c).

---

[5] Plaintiffs do not include here time spent on their June 26, 2025 Motion for Temporary Restraining Order ("TRO"), the substance of which overlaps with the preliminary injunction motion previously filed in state court. As Plaintiffs would not have expended the additional attorney time preparing and filing the TRO motion in this court but for Defendant Harran's baseless removal, their decision not to include fees for the TRO motion further demonstrates the reasonableness of the fees requested here.

For the sake of reasonableness and expediency, Plaintiffs also do not seek here any fees for the time spent preparing this Petition, though they would be entitled to do so. Should Defendant Harran's opposition trigger protracted litigation over this Fee Petition, Plaintiffs reserve the right to petition for costs, expenses, and attorneys' fees incurred in such further litigation.

Dated: July 2, 2025                                    Respectfully submitted,

                                                       By: */s/ Stephen A. Loney, Jr.*

Marielle Macher (No. 318142)                           Stephen A. Loney, Jr. (No. 202535)
Daniel Vitek (No. 209013)                              Ari Shapell (No. 330409)
COMMUNITY JUSTICE PROJECT                              Keith Armstrong (No. 334758)
118 Locust Street                                      AMERICAN CIVIL LIBERTIES UNION
Harrisburg, PA 17101                                   OF PENNSYLVANIA
717-236-9486                                           P.O. Box 60173
mmacher@cjplaw.org                                     Philadelphia, PA 19102
dvitek@cjplaw.org                                      215-592-1513
                                                       sloney@aclupa.org
                                                       ashapell@aclupa.org
                                                       karmstrong@aclupa.org

                                                       *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties of record via the Court's CM/ECF system.


Dated: July 2, 2025                                  s/ Stephen A. Loney