IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAKE THE ROAD STATES, INC., :      No. 2:25-cv-02938
NAACP BUCKS COUNTY BRANCH :
2253, BUXMONT UNITARIAN UNI- :
VERSALIST FELLOWSHIP, and :
JUAN NAVIA, :
                                      :
               Plaintiffs :
                                        :
v.                                           :
                                          :
FREDERICK A HARRAN, individu- :
ally and in his official capacity as Sher- :
iff of Bucks County, and BUCKS :
COUNTY, :
                                        :
                       :
               Defendants :

RESPONSE IN OPPOSITION TO
PETITION FOR ATTORNEYS FEES AND COSTS

Defendant, Frederick A. Harran, individually and in his official capacity as
Sheriff of Bucks County ("Sheriff Harran") files this response in opposition the peti-
tion for attorneys fees of plaintiffs, Make the Road States, Inc., NAACP Bucks County
Branch 2253, Buxmont Unitarian Universalist Fellowship, and Juan Navia (collec-
tively "Plaintiffs"). ECF No. 24.

I.      **PLAINTIFFS ARE NOT ENTITLED TO ATTORNEYS FEES BECAUSE SHERIFF
HARRAN HAD AN OBJECTIVELY REASONABLE BASIS TO REMOVE THE
MATTER FROM THE BUCKS COUNTY COURT OF COMMON PLEAS.**

To begin, Sheriff Harran respectfully requests that the Court reconsider its
award of attorneys fees entirely because Sheriff Harran had an objectively reasonable
basis for removal.

When a defendant improperly removes a matter to the district court remand is appropriate, "but incorrectly invoking a federal right is not comparable to violating substantive federal law." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 137 (2005). Accordingly, when "awarding fees under § 1447(c) [the district court] should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. *Id.* at 140. Therefore, a district court should only award attorneys fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Critically, a 'colorable removal claim in an area of unsettled law' does not merit a § 1447(c) award." *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 384 (3d Cir. 2019) (quoting *Roxbury Condo. Ass'n v. Anthony S. Cupo Agency*, 316 F.3d 224, 228 (3d. Cir. 2003).

Here, the Court ordered that Sheriff Harran pay attorneys fees for his removal because he failed "to establish he was entitled to removal under 1442(a)(1) [, the "federal officer removal statute]." Opinion, ECF No. 21, at 9. Respectfully, this Court misapplied the standard for awarding attorneys fees under 28 U.S.C. § 1447. "Removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Accor N. Am. v. Gonzalez*, 2008 WL 5377621, at *2 (E.D. Pa. Dec. 23, 2008) (quoting *Dollar Tree Stores, Inc.* 518 F.3d 1062, 1065 (9th Cir. 2008)). While the Court found that Sheriff Harran failed to establish he was entitled to removal under the federal office removal statute, there is no finding that he did so in the face of

settled substantive law or for the purpose of prolonging litigation or to impose additional costs on Plaintiffs. Furthermore, Plaintiffs have never made any such argument.

First, the law in the area is unsettled. "The [287(g)] program and the agreement reached between ICE and Sheriff [] is not an exercise of state executive power—it is, instead, a unique agreement whereby the federal government directly delegates its own plenary power over immigration by deputizing local political subdivisions to 'perform certain functions of an immigration officer.'" *Santos v. Frederick Cnty. Bd. of Commissioners*, 346 F. Supp. 3d 785, 794 (D. Md. 2018). The issues in this matter are complicated and novel and neither the Third Circuit nor the Pennsylvania Supreme Court has definitively ruled that Sheriff Harran was prohibited from executing the 287(g) Agreement. Indeed, Plaintiffs rely upon the Pennsylvania Intergovernmental Cooperation Act and the Pennsylvania Constitution neither of which have ever been applied to invalidate a 287(g) Agreement or any other agreement between local law enforcement and the federal government.

Plaintiffs' motion for attorneys' fees further underscores the unsettled nature of the law concerning Sheriff Harran's removal. Plaintiffs allegedly devoted 4 attorneys and expended 87.4 in contesting Sheriff Harran's removal. In essence, Plaintiffs' counsel spent more than two full 40-hour work weeks researching and briefing the removal issue.  Plaintiffs' counsel spent over 10 hours researching the removal issue under the federal officer removal statute and approximately 26.7 hours drafting briefs on the issue. *See* Decl. of Marielle Marcher, ECF No. 24-4, decl. of Stephen A.

Loney, ECF No. 24-4, decl. of Ariel Shappel, ECF No. 24-5, and decl. of Keith Arm-
stron, ECF No. 24-6. The amount of time hardly evinces an area of settled law. To the
contrary, the amount of time Plaintiffs' counsel allegedly spent demonstrates that the
area of the law is complex and unsettled. *Inselberg v. New York Football Giants, Inc.*,
661 F. App'x 776 (3d Cir. 2016) (affirming district court's denial of attorneys fees after
remand because law in area was complex and unsettled); *Roxbury Condo. Ass'n, Inc.*,
316 F.3d 224 (holding that district court abuses its discretion in awarding attorneys
fees on remand in area of unsettled law.)

Moreover, the United States' statement of interest further exhibits that the
law is unsettled. If Sheriff Harran's removal was patently inappropriate and not ob-
jectively reasonable, it is doubtful the United States Department of Justice would
have devoted time and resources to actively consider whether to intervene or to file a
Statement of Interest. Not., ECF No. 18.

Second, there is no evidence that Sheriff Harran sought removal for the pur-
poses of prolonging litigation [or] imposing costs on the Plaintiffs. While Plaintiffs
state they incurred costs for costing removal, they make no argument that Sheriff
Harran's intent was to cause Plaintiffs to incur costs.  Plaintiffs also make no argu-
ment that Sheriff Harran's intent in removing the matter was to cause delay. In all
events, the removal appears to have caused no delay. Upon remand, the state court
scheduled the matter for a hearing on Plaintiffs motion for a preliminary on Septem-
ber 15, 2025.

Based on the foregoing, Sheriff Harran respectfully requests that the district court award Plaintiffs no attorneys fees and costs.

## II.    THE TIME SPENT AND THE RATES SOUGHT ARE EXCESSIVE AND PATENTLY UNREASONABLE.

The Court should further deny Plaintiffs' request for attorneys fees and costs because they are excessive and grossly inconsistent with similar fee awards from this Court.

When reviewing a motion for attorneys' fees, this Court must conduct "a thorough and searching analysis" *Evans v. Port Auth. of N.Y. & N.J.,* 273 F.3d 346, 362 (3d Cir. 2001) Accordingly, "it is necessary that the Court 'go line, by line, by line' through the billing records supporting the fee request." *Id.*

"In calculating the hours reasonably expended, a court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Maldonado v. Houstoun,* 256 F.3d 181, 184 (3d Cir. 2001). If the Court concludes that the area of law under which Sheriff Harran removed the case was well settled, then Plaintiffs' request for reimbursement for over 80 hours of legal work in an area of settled law is grossly excessive. Plaintiffs cannot have it both ways. Either the remand issues were complex causing them to spend 80 plus hours researching and briefing the matter, in which case no attorneys fees are warranted. Or Plaintiffs have grossly overstated the hours spent on an alleged area of settled law.

Plaintiffs requested reimbursement of $35,170 in attorneys fees incurred is also grossly disproportional with other fees awards this Court has granted under 28 U.S.C. 1447(c). *See Czarnecki v. Hawthorn Mfg. Corp.,* 2009 WL 159806, at *4 (E.D. Pa. Jan. 16, 2009) (awarding plaintiffs $4,025 in attorneys fees following remand); *Beautyman v. Spirit Airlines, Inc.,* 2012 WL 12897907, at *3 (E.D. Pa. May 30, 2012) (awardin fees in the amount of $1526.85 following remand); *Pompetti v. Royal Farms Co.,* 2016 WL 3476301, at *3 (E.D. Pa. June 27, 2016) (awarding plaintiff $1,000 in attorneys fees following remand).

Plaintiffs further have failed to establish their $35,170 is reasonable with sufficient evidence. "In a statutory fees case, the party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable by submitting evidence supporting the hours worked and rates claimed." *United Sates ex rel. Palmer v. C&D Tech., Inc.,* 897 F.3d 128, 139 (3d Cir. 2018) Here, Plaintiffs rely solely on self-serving declarations from their counsel and have also not submitted any independent third-party analysis attesting to the reasonableness of the $35,170 fee. They have also offered no evidence that their clients actually paid $35,710 to contest removal, that they will pay $35,710 for the contested removal, or that any client has ever paid $35,710 to contest removal. *Holt v. Pennsylvania*, 2020 WL 2098103, at *14 (E.D. Pa. 2020) ("Plaintiff has not averred that Puricelli has actually billed any paying client at an hourly rate of $750 or that anyone, including any court authorizing an award in a fee-shifting case, has ever paid him that rate."); *Middlebrooks v. Teva*

*Pharms. USA, Inc.*, 2019 WL 936645 at \*12 (E.D. Pa. 2019) ("Returning to Microeconomics 101 in setting a reasonable market price, we may look to what a willing client would pay a willing lawyer.")

Thus, if the Court is inclined to award attorneys fees to Plaintiffs, then Sheriff Harran respectfully requests that the award of attorneys fees be consistent with similar awards from this Court under 28 U.S.C. § 1447(c).

### III. SHERIFF HARRAN CANNOT BE HELD PERSONALLY LIABLE FOR AN ATTORNEYS FEE AWARD.

Plaintiffs sued Sheriff Harran individually and in his official capacity as Sheriff of Bucks County. The Court's June 26, 2025 Order is not clear regarding whether the award of attorneys fees is assessed against Sheriff Harran personally or in his official capacity as Bucks County Sheriff. However, "[i]n Pennsylvania, high public official immunity is a long-standing category of common law immunity that acts as an absolute bar to protect high public officials [like Sheriff Harran] from lawsuits arising out of actions taken in the course of their official duties and within the scope of their authority." *Doe v. Franklin Cnty.*, 174 A.3d 593, 603 (Pa. 2017). The Pennsylvania Supreme Court has held that Sheriffs are high public officials entitled to absolute immunity. *Id.* at 603 ("[T]here is no dispute that, as county sheriff, Sheriff Anthony is a high public official.") Accordingly, any award of attorneys fees should be directed to the Bucks County Sheriff's Office and not Sheriff Harran personally.

Respectfully submitted,

Dated:  July 25, 2025

*/s/Walter S. Zimolong*
WALTER S. ZIMOLONG, III, ESQUIRE
JAMES J. FITZPATRICK, III, ESQUIRE
ZIMOLONG LLC
wally@zimolonglaw.com
james@zimolonglaw.com
P. O. Box 552
Villanova, PA 19085
(215) 665-0842

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAKE THE ROAD STATES, INC., NAACP BUCKS COUNTY BRANCH 2253, BUXMONT UNITARIAN UNIVERSALIST FELLOWSHIP, and JUAN NAVIA, | : : : : : : | No. 2:25-cv-02938 |
| Plaintiffs | : : | |
| v. | : : | |
| FREDERICK A HARRAN, individually and in his official capacity as Sheriff of Bucks County, and BUCKS COUNTY, | : : : : : : : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I hereby certify the foregoing has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania.

Date: June 27, 2025                                        */s/ Walter S. Zimolong*